SHEPARD, Chief Justice,
concurring in result.
I join Justice Dickson's views on Part B5 of the plurality opinion. It seems odd at the least to hold that the Supreme Court's declaration that "we leave to the States the task of developing appropriate ways to enforce" the prohibition on executing the retarded, Atkins, 536 U.S. at 317, 122 S.Ct. 2242, constituted a command that states are constitutionally bound to definitions adopted by professional groups that do not themselves use the same definition of retardation.
In any event, I write largely to speak about Part VIII on "Appropriateness of Sentence." While I think this Court has been right to regard Article VII, Section 4, as calling upon us to exercise some judgment about the sentences imposed by trial judges, I do not consider it as license to set aside jury decisions on grounds of appropriateness alone. That is the sole claim presented in Argument XIII of Pruitt's brief. When judges were the actual sen-tencers under Indiana's former scheme, I voted multiple times to review the sentence imposed by the trial judge. Now, I would simply say, the legislature has placed the question of appropriateness in the hands of juries.